1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

DARWIN SPEARS,                          )   Case No. CV 12-179 VAP(JC)
                                        )
12                        Plaintiff,    )   MEMORANDUM OPINION AND
                                        )   ORDER DISMISSING ACTION
13              v.                      )
                                        )
14   DEPUTY J. SANTOS,                  )
                                        )
15                                      )
                          Defendant.    )
16   _____

17        On May 14, 2012, plaintiff Darwin Spears ("plaintiff"), a pretrial detainee at

18   the Los Angeles County Men's Central Jail who is proceeding *pro se* and has been

19   granted leave to proceed *in forma pauperis*, filed the operative First Amended

20   Complaint against Deputy J. Santos in her individual capacity.

21        On June 19, 2012, the Court issued an Order Re: Service of Process by U.S.

22   Marshal directing plaintiff to complete and to return to the Clerk of the Court, a

23   USM-285 Form for the defendant and to file a Notice of Submission on or before

24   July 3, 2012, indicating that the completed USM-285 Form had been provided to

25   the Clerk of the Court ("June 19 Order").

26        As plaintiff failed to provide the completed USM-285 Form to the Clerk of

27   the Court or to file a Notice of Submission by July 3, 2012, the Court, on July 18,

28   2012, issued an Order to Show Cause ("OSC") directing plaintiff, by no later than

1

1  August 1, 2012, to show good cause in writing, if any exists, why this case should

2  not be dismissed based on plaintiff's failure to provide accurate and sufficient

3  information to enable the United States Marshal's Service to effect service of the

4  summons and the operative First Amended Complaint, plaintiff's failure to

5  prosecute this action, and plaintiff's failure timely to comply with the June 19, 2012

6  Order.  The OSC expressly cautioned plaintiff in bold-face print that the failure to

7  comply with the OSC and/or to show good cause, might result in the dismissal of

8  this action.  Although the deadline to comply with the OSC expired more than two

9  weeks ago, plaintiff has not responded thereto.  Nor has plaintiff submitted a

10  completed USM-285 Form and a Notice of Submission or otherwise communicated

11  with the Court in this action.

12       An incarcerated *pro se* plaintiff, proceeding *in forma pauperis*, is entitled to

13  rely on the United States Marshal's Service ("USMS") for service and should not be

14  penalized by having his action dismissed for failure to effect service where the

15  USMS has failed to perform its duties.  Puett v. Blandford, 912 F.2d 270, 275 (9th

16  Cir. 1990).  Nevertheless, a plaintiff relying upon the USMS for service must

17  provide the necessary information to effectuate service.  Id.  Where a *pro se*

18  plaintiff fails to provide the USMS with accurate and sufficient information to

19  effect service of the summons and complaint, a court may dismiss the unserved

20  defendant *sua sponte*.  Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994),

21  abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  Here,

22  plaintiff has not done so.

23       Moreover, it is well-established that a district court has authority to dismiss a

24  plaintiff's action because of his failure to prosecute or to comply with court orders.

25  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962);

26  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915

27  (1992).  In determining whether to dismiss an action for failure to prosecute or

28  failure to comply with court orders, a district court must consider several factors:

1  (1) the public's interest in expeditious resolution of litigation; (2) the court's need

2  to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy

3  favoring disposition of cases on their merits; and (5) the availability of less drastic

4  alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to

5  prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

6       This Court finds that the first two factors – the public's interest in

7  expeditiously resolving this litigation and the Court's interest in managing the

8  docket, weigh in favor of dismissal since plaintiff has not submitted the requisite

9  information to enable the operative First Amended Complaint to be served as

10 directed, has not filed a response to the Order to Show Cause, and has not otherwise

11 communicated with the Court regarding this matter.  The Court cannot hold this

12 case in abeyance indefinitely awaiting plaintiff's response to the Court's directives.

13 The third factor, risk of prejudice to defendant, also weighs in favor of dismissal

14 since a presumption of injury arises from the occurrence of unreasonable delay in

15 prosecuting an action.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

16 Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor,

17 the public policy favoring disposition of cases on their merits, is greatly outweighed

18 by the factors in favor of dismissal discussed herein.  Finally, as this Court has

19 already cautioned plaintiff of the consequences of failing to prosecute this action

20 and afforded, or attempted to afford him the opportunity to do so, and as plaintiff

21 has not responded, no sanction lesser than dismissal is feasible.

22       Accordingly, it is ORDERED that this action be dismissed for lack of

23 prosecution.

24 DATED: _August 27, 2012_____

25

26 _____

27 HONORABLE VIRGINIA A. PHILLIPS
   UNITED STATES DISTRICT JUDGE

28

3